ROBERT C. ZIMMERMAN, Secretary of State *Page 161 
You request my opinion on several questions relating to the effect of the improper issuance of certificates of incorporation, under the provisions of secs. 180.46 and 180.47, Wis. Stats.
Section 180.46, Stats., provides as follows:
"Filing and recording of articles of incorporation. Duplicate originals of the articles of incorporation shall be filed in the office of the secretary of state, and recorded in the office of the register of deeds of the county in which the initial registered office of the corporation is located, and upon leaving such duplicate original for record, the legal existence of such corporation shall begin. Upon receipt of the certificate of such register of deeds that such duplicate original has been recorded, the secretary of state shall issue a certificate of incorporation. Certified duplicate original articles or copies certified by a register of deeds or the secretary of state of articles of incorporation may also be recorded in other counties than the county in which the initial registered office of the corporation is located."
You advise that you recently have become aware of several instances where certificates of incorporation have been issued by your office, even though the certificate of recording forwarded to your office by a register of deeds disclosed that the duplicate original of the articles of incorporation was filed with the register of deeds of a county other than "the county in which the initial registered office of the corporation is located." The issuance of a certificate of incorporation by your office under such circumstances is clearly contrary to the provisions of sec. 180.46, Stats. In Bergeron v. Hobbs (1897),96 Wis. 641, 71 N.W. 1056, our Supreme Court, construing statutory language similar to that contained in sec. 180.46, Stats., pointed to the critical nature of the statutory requirements for filing corporate documents, as follows, at page 643:
"* * * It cannot be doubted that the filing of the proper papers in the proper office is made, by the statute, a condition precedent to the vesting of corporate powers. * * * The statute is plain and easy of observance. Valuable rights and exemption from personal liability are to be secured by its observance. It is no undue severity to require its strict observance. The defendants had not observed it, and had not secured corporate powers." *Page 162 
The court went on to hold that since the defendants did not act under color of right they were neither a corporation de jure norde facto, and were liable to the plaintiff as partners. The general sense of this early case law is today reflected in the provisions of sec. 180.86 (4), Stats., which provides:
"No such document shall be effective until an original or copy, with the certificate of the secretary of state attached, has been recorded in the office of the register of deeds in each county in which such document is required to be recorded. A document shall, for the purposes of this chapter, be deemed to be recorded when such document has been left for record in the proper office and all required fees paid."
You further advise, however, that it has been asserted that in light of the provisions of sec. 180.47, Stats., the issuance of a certificate of incorporation by your office under the general circumstances you have described, has the effect of correcting such faulty recording. Since you entertain some doubt concerning the validity of such conclusion, you request my opinion regarding the effect of your issuance of certificates of incorporation in cases where the articles of incorporation have only been recorded in a county other than the proper county.
Section 180.47, Stats., reads as follows:
"Effect of issuance of certificate of incorporation. The certificate of incorporation issued pursuant to section 180.46 shall be conclusive evidence that all conditions precedent required to be performed by the incorporators have been complied with and that the corporation has been incorporated under this chapter, except as against this state in a proceeding to cancel or revoke the certificate of incorporation."
Section 180.47, Stats., is of fairly recent origin, having been enacted as part of an overall revision of Wisconsin business corporation law, ch. 731, Laws of 1951. This revision in turn relied heavily on a model business corporation act drafted by the Committee on Corporate Laws of the American Bar Association's Section on Corporation, Banking and Business Law and published in Vol. VI, No. 1 (Nov. 1950) of The Business Lawyer. 22 West's Wis. Stats. Ann., p. XXVII. The legislative council committee *Page 163 
notes, which accompanied the text of sec. 180.47 in bill form, indicated that the then proposed statute had no counterpart in the 1949 statutes. It is obvious, however, that but for the one modification, concerning when corporate existence begins, made necessary by the provisions of sec. 180.46, sec. 180.47 was based on sec. 50 of the 1950 model act, which provided:
"Upon the issuance of the certificate of incorporation, the corporate existence shall begin, and such certificate of incorporation shall be conclusive evidence . . . [etc., same as present sec. 180.47]."
Under the terms of the model section, de jure incorporation is complete upon issuance of the certificate of incorporation, except as against the state, and problems of estoppel and defacto corporations are eliminated. Robertson v. Long
(D.C.Ct.App. 1964), 197 A.2d 443, 447; Western Machine Works v. EdwardsM. T. Corp. (Ind. 1945), 63 N.E.2d 535, 538, see also Model Bus. Corp. Act Ann. 2d, sec. 56, par. 2, p. 205. Because of the differences in language between the model code provision and secs. 180.46 and 180.47, Stats., it is somewhat difficult to conclude with complete assurance that our court would necessarily reach the same conclusion, at least as to corporate status. However, it is my opinion that the effect of sec. 180.47, Stats., is to provide all parties which obtain a certificate of incorporation from the Secretary of State, even under the circumstances you describe, with unassailable de jure status as Wisconsin corporations, except as against the state.
Further, it is also my opinion that sec. 180.47, Stats., cannot accurately be viewed as correcting, waiving or curing noncompliance with the statutory conditions governing the initial incorporation of a business, which are required to precede the issuance of a certificate of incorporation under sec. 180.46, Stats., since sec. 180.47, Stats., clearly authorizes the state to assert such non-compliance for the purpose of cancelling or revoking the certificate of incorporation.
Long prior to the enactment of sec. 180.47, Stats., it was generally recognized that the state should be in the position to challenge a corporate identity assumed contrary to law. In Slocumv. Head (1900), 105 Wis. 431, 81 N.W. 673, for instance, in concluding that a faulty incorporation attempt resulted in a defacto *Page 164 
corporation, the court approved the following statement of the law, at p. 435:
"`. . . If the corporation had been challenged by the state, its exercise of corporate powers would have been enjoined; but where persons act in good faith, and suppose they are members of a valid corporation, and transact business as such, and the corporate existence is not challenged by the state, they cannot be held liable as individuals. . . .'"
Chapter 286, Stats., likewise presently provides a number of remedies against corporations because of violations of laws relating to corporations, including sec. 286.36, Stats., which reads:
"286.36 Action to annul charter, by whom and for what cause. An action may be brought in the name of the state, on leave granted by the supreme court upon cause shown, for the purpose of vacating the charter of any corporation of this state, except a municipal corporation, and except as provided in section 286.46, whenever such corporation offends against any law by or under which it was created, altered or renewed; or violates any law by which it shall forfeit its charter by abuse of its powers; or forfeits its privileges or franchises by failure to exercise its powers; or does or omits any act which amounts to a surrender of its corporate rights, privileges or franchises; or exercises franchises or privileges not conferred upon it by law."
Note that sec. 180.769 (1) (b) and (c), Stats., also provides for involuntary dissolution of a corporation in an action commenced by the attorney general, when it is established that the corporation's certificate was procured through fraud or when it is established that "The corporation has continued to exceed or abuse the authority conferred upon it. . . ." For referencepurposes, see also 268.02 (3), Stats., which authorizes the attorney general to institute injunction proceedings regarding corporate activity in certain instances.
In the event certificates of incorporation are issued by your office contrary to the provisions of sec. 180.46, Stats., such instances should be referred to the attention of this office together with specific facts and circumstances, so that appropriate action may be undertaken by our office. *Page 165 
Finally, you advise that occasionally your office may inadvertently issue a certificate of amendment to articles of incorporation, even though the recording certificate of a register of deeds indicates recording in the wrong county. You inquire as to the effect of your certificate of amendment under such circumstances.
Section 180.54, Stats., simply provides:
"Filing and recording articles of amendment. The articles of amendment shall be filed and recorded, and upon receipt of the certificate of the register of deeds, the secretary of state shall issue a certificate of amendment."
This statute contains no language similar to that set forth in reference to articles of incorporation, in sec. 180.47, Stats., and the latter statute would not be applicable since it deals solely with initial incorporation and with the basic questions of corporate existence and corporate status. Therefore, the provisions of sec. 180.86 (4), Stats., previously quoted, appear fully dispositive of the question you raise. That statute provides that articles of amendment do not become effective until recorded in the proper Register of Deeds' office.
While the presumption of regularity which normally attaches to the acts of public officials would undoubtedly attach to the certificate of amendment issued by your office, the lack of prior and proper recording of the articles of amendment would rebut any such presumption. As in the case of erroneously issued certificates of incorporation, however, appropriate action should be taken to cancel or revoke improperly issued certificates of amendment.
RWW:JCM